UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 22-cv-23714-ALYMAN/Reid

**JORGE ABREU,**

 Plaintiff,

v.

**FP TIRE DISPOSAL, INC.**, *et al.,*

 Defendants.
_____/

## AMENDED VERIFIED COMPLAINT

Plaintiff, Jorge Abreu ("Abreu"), under the Fair Labor Standards Act (FLSA) and Florida Common Law, files this Amended Complaint against Defendants, FP Tire Disposal, Inc., ("FP Tire") and Francisco L. Pujol ("Pujol") and in support thereof, alleges, as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for damages in excess of Thirty Thousand and No/100 ($30,000.00) Dollars, exclusive of interest, court costs and attorney's fees.

2. At all material times, FP Tire is a Florida corporation authorized to conduct and conducting business in Miami-Dade County, Florida.

3. At all material times, Pujol is sui juris and an employer conducting business in Miami-Dade County, Florida.

4. At all material times, Calles is *sui juris* and a resident of Miami-Dade County, Florida.

5. Venue is proper in this Court as the cause of action accrued in and the parties are located in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

6. Upon information and belief, the annual gross revenue of FP Tire was at all times material hereto, in excess of $500,000.00 per annum.

7. At all material times hereto, FP Tire was an enterprise engaged in interstate commerce.

8. At all material times hereto, FP Tire operated as an organization which purchased equipment and products manufactured outside the state of Florida; provided services to or sold, marketed, or handled goods and materials to customers throughout the United States; provided services for goods sold and transported from across state lines; obtained, solicited, and accepted funds from sources outside the state of Florida; used telephonic transmissions traversing state lines in the ordinary course of business; transmitted funds outside the state of Florida; and otherwise regularly engaged in interstate commerce.

9. As a result of the services provided by FP Tire, two or more of its employees regularly handled and worked with goods and materials moved in or produced in interstate commerce.

10. Plaintiff and those similarly situated regularly utilized and handled materials, equipment, and goods manufactured and purchased from outside the state of Florida and regularly used the instrumentalities of interstate commerce in their world.

11. By reason of the foregoing, FP Tire is and was, during all material times hereto, an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(r)-(s), and Plaintiff is within interstate commerce.

12. At all material times, Pujol, the manager of FP Tire, had economic and day-to-day control of FP Tire, and of the nature and structure of Plaintiff's employment relationship with FP Tire.

13. Pujol was involved in the day-to-day operations of FP Tire and directly supervised Plaintiff on a daily basis.

14. Pujol was in charge of determining Plaintiff's wages and his compensation structure.

15. Pujol had the power to hire and/or fire Plaintiff.

16. Pujol had authority over all aspects of FP Tire, including its employees and exercised that authority over Plaintiff and other employees.

17. Therefore, Pujol was Plaintiff's employer, as defined by 29 U.S.C. §203(d).

18. Plaintiff worked for Defendant as a driver tasked with obtaining tires and delivering them throughout Miami-Dade County, from approximately September 10, 2020, through November 2021 ("relevant time period").

19. Plaintiff was a non-exempt employee earning an average of $17.50 per day.

20. Throughout Plaintiff's employment, he routinely worked in excess of forty (40) hours per week. Specifically, Plaintiff worked Monday through Saturday, 10 hours per day, for a total of 60 hours per week; 40 regular hours, plus 20 hours of overtime per week.

21. Pursuant to the FLSA, Plaintiff was entitled to minimum and overtime wage; however, Defendants paid Plaintiff an average of $17.50 per day, regardless of the number of hours worked by him.

22. As a result, Defendant failed/refused to pay to Plaintiff his proper minimum and overtime wages as required by the FLSA and Florida Common Law.

23. Defendant knew or should have known of the minimum and overtime requirements of the FLSA and willfully/intentionally/recklessly failed to investigate whether their payroll practices were in accordance with the FLSA.

24. As a result, Plaintiff has suffered damages and is entitled to receive overtime and minimum wage compensation.

**PRE-SUIT DEMAND**

25. On or about July 15, 2022, Plaintiff, through his undersigned counsel, sent Defendant a written pre-suit demand regarding the violations of the FLSA and requesting that they pay the amounts owed to Plaintiff, but Defendant failed/refused to do so.

**COUNT I**
**UNPAID WAGES (under Florida Common Law) AGAINST FP TIRE**

26. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above.

27. Plaintiff was supposed to receive a $1,290.40 salary per month for the first period of September 10, 2020, to September 29, 2021, and $1,560.00 for the second period of September 30, 2021, to November 30, 2021.

28. However, Defendants failed/refused to pay to Plaintiff the sums indicated above.

29. Defendants were unjustly enriched by the Plaintiff because of the work he performed on its behalf without proper compensation.

30. Defendants are obligated to pay Plaintiff's attorneys' fees pursuant to Section 448.08, Florida Statutes.

**COUNT II**
**MINIMUM WAGE VIOLATIONS AGAINST FP TIRE**

31. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

32. The FLSA requires employer pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a).

33. In addition, where an employee is subject to both the state and federal minimum wage laws, the employee is entitled to the higher minimum wage rate.

34. In Florida, the minimum wage rate was $8.46 p/hr in 2019; $8.65 p/hr prior to September 2021; and $10.00 p/hr after September 2021.

35. FP Tire knew of and showed reckless disregard for the provisions of the FLSA because FP Tire knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage considering his 60 hours worked each week.

36. FP Tire willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage.

37. FP Tire did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

38. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT III
### MINIMUM WAGE VIOLATIONS AGAINST PUJOL

39. Plaintiff re-alleges the allegations in paragraphs one (1) through twenty-five (25) above.

40. The FLSA requires employer to pay Plaintiff a required minimum wage per hour, 29 U.S.C. § 206(a).

41. In addition, where an employee is subject to both the state and federal minimum wage laws, the employee is entitled to the higher minimum wage rate.

42. In Florida, the minimum wage rate was $8.46 p/hr in 2019; $8.65 p/hr prior to September 2021; and $10.00 p/hr after September 2021.

43. Pujol knew of and showed reckless disregard for the provisions of the FLSA because Pujol knew or should have known that Plaintiff's wages did not amount to a lawful minimum wage considering his 60 hours worked each week.

44. Pujol willfully and intentionally failed to pay Plaintiff and those similarly-situated employees their full minimum wages by making the conscious decision to pay Plaintiff a salary which failed to compensate Plaintiff at the applicable minimum wage wages for all of Plaintiff's hours worked per week.

45. Pujol did not have a reasonable objective belief that it was not required to pay Plaintiff's minimum wages.

46. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT IV
## OVERTIME VIOLATION (FLSA) AGAINST FP TIRE

47. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above.

48. This is an action against FP Tire for overtime compensation pursuant to 29 U.S.C. § 207.

49. FP Tire was, at all material times, an employer as defined by 29 U.S.C. § 203(d).

50. Plaintiff was a non-exempt hourly employee, entitled to be compensated a rate of one and one-half (1.5) his regular rate for all hours worked in excess of forty (40) hours per week.

51. FP Tire knew or should have known that Plaintiff suffered or was permitted to work overtime as defined by 29 U.S.C. § 203(g).

52. FP Tire failed/refused to compensate Plaintiff for such work in excess of forty (40) hours at a rate no less than one and one-half his regular rate, contrary to the provisions of 29 U.S.C. § 207(a).

53. At all material times, FP Tire knew or should have known that such refusal and/or failure was prohibited by the FLSA.

54. Notwithstanding, FP Tire intentionally and willfully violated the FLSA, as cited herein.

55. At all material times, FP Tire failed/refused to maintain proper time records as mandated by the FLSA regarding the overtime hours worked by Plaintiff.

56. As a result, Plaintiff has been damaged and is entitled to be compensated for his loss.

## COUNT V
## OVERTIME VIOLATION (FLSA) AGAINST PUJOL

57. Plaintiff re-alleges paragraphs one (1) through twenty-five (25) above.

58. This is an action against Pujol for overtime compensation pursuant to 29 U.S.C. § 207.

59. Pujol was, at all material times, an employer as defined by 29 U.S.C. § 203(d).

60. At all material times, Pujol, the manager at FP Tire, had economic and day-to-day control of FP Tire, and of the nature and structure of Plaintiff's employment relationship with FP Tire.

61. Pujol was involved in the day-to-day operations of FP Tire and directly supervised Plaintiff on a daily basis.

62. Pujol was in charge of determining Plaintiff's wages and his compensation structure.

63. Pujol had the power to hire and/or fire Plaintiff.

64. Pujol knew or should have known that Plaintiff suffered or was permitted to work overtime as defined by 29 U.S.C. § 203(g).

65. Plaintiff was a non-exempt hourly employee, entitled to be compensated a rate of one and one-half his regular rate for all hours worked in excess of forty (40) hours per week.

66. Pujol failed/refused to compensate Plaintiff for such work in excess of forty (40) hours at a rate no less than one and one-half his regular rate, contrary to the provisions of 29 U.S.C. § 207(a).

67. At all material times, Pujol knew or should have known that such refusal and/or failure was prohibited by the FLSA.

68. Notwithstanding, Pujol intentionally and willfully violated the FLSA as set forth above.

69. At all material times, Pujol failed/refused to maintain proper time records as required by the FSLA regarding Plaintiff's overtime hours.

70. As a result, Plaintiff has suffered damages and is entitled to be compensated for his loss.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jorge Abreu, respectfully requests that judgment be entered in his favor against Defendants, FP Tire Disposal, Inc., and Francisco L. Pujol, for lost wages, liquidated damages, reasonable attorney's fees, costs, any other relief this Court deems just and proper.

Respectfully submitted this 15th day of December 2022.

By: /s/ Monica Espino

Monica Espino, Esq.
Florida Bar No. 834491
ESPINO LAW
2250 SW 3rd Ave, Suite 400
Miami, Florida 33129
Telephone:(305) 704-3172
Facsimile:(305) 722-7378
E-mail: me@espino-law.com
*Attorney for Plaintiff*

Acknowledged:

By: _____ 12/15/22
     Jorge Abreu

## VERIFICATION

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

    BEFORE ME, the undersigned authority, duly authorized to take acknowledgments and administer oaths, this day personally appeared Jorge Abreu, who, after being first duly sworn under oath, deposes and says that she has read the Complaint and all facts contained therein are true and correct and based upon personal knowledge.

NOTARY PUBLIC, STATE OF FLORIDA

Sign: _____ 12/15/22

Print: Albert Maillo
My commission expires:

[Notary Stamp: ALBERT MAILLO, MY COMMISSION # HH 200571, EXPIRES: November 21, 2025, Bonded Thru Notary Public Underwriters]